IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DWAYNE JAY NORTON,[1]
    Plaintiff,

vs.                                Case No. 5:05cv176/SPM/MD

JUDY M. PITTMAN,
    Defendant.

---

ORDER and
REPORT AND RECOMMENDATION

    This cause is before the court upon referral from the clerk. On August 24, 2005 plaintiff, a prisoner proceeding *pro se*, filed a pleading entitled "Mandatory and Preliminary Injunction, Injunction [sic] Relief and for Damages," (doc. 1). Plaintiff complained that Judy Pittman, Judge of the Fourteenth Judicial Circuit Court of the State of Florida, violated his rights to due process, freedom of speech and access to the courts when she prevented him from filing a lawsuit. Plaintiff also filed an affidavit of indigency, which the court construed as a motion to proceed *in forma pauperis* (doc. 2).

    On September 12, 2005 this court entered an order (doc. 4) granting leave to proceed *in forma pauperis* and directing plaintiff to file an amended civil rights complaint on the court form. Plaintiff did not respond to the order. Accordingly, on October 18, 2005 the court entered an order (doc. 5) directing plaintiff to show cause why this case should not be dismissed for his failure to prosecute and failure to

---

[1]The court takes judicial notice of information on the Florida Department of Corrections Offender Information Network, October 23, 2005, stating that plaintiff, whose DOC (Department of Corrections) number is 494397, is also known as: Dwaine K. Norton, Dwayne Norton, Dwayne Keith Norton, Dwaine Keith Norton, Dwayne K. Norton and Wayne Keith Norton. *See* www.dc.state.fl.us.

comply with an order of the court. In response, plaintiff filed a motion for leave to file a civil rights complaint (doc. 6). In that motion, plaintiff discloses that while incarcerated, he filed the following cases which were dismissed as frivolous or for failure to state a claim: 8:00cv116, 8:00cv121, 8:00cv1715, 8:00cv1819, 8:00cv136, 8:00cv135, 8:00cv1454, 8:00cv122 and 8:00cv1205.

A prisoner may not bring a civil action *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g) (2004). Plaintiff is well aware of this section, because on August 21, 2000, an action he filed in the United States District Court for the Middle District of Florida was dismissed pursuant to § 1915(g). *See Norton v. Hernandez*, Case Number 8:00cv1715-T-26F.

The court takes judicial notice of the following actions brought by plaintiff in the Middle District which were dismissed for failure to state a claim: Case Numbers 8:00cv116, 8:00cv121, 8:00cv122, 8:00cv135, 8:00cv1205, 8:00cv1454 and 8:00cv1819. Additionally, the court takes judicial notice of the following prisoner action filed by plaintiff in the Middle District which was dismissed because he lied under penalty of perjury about the existence of prior lawsuits: Case Number 8:00cv136. The Eleventh Circuit has recognized that a dismissal for lying under penalty of perjury about prior lawsuits "is precisely the type of strike that Congress envisioned when drafting section 1915(g)." *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998).

By the time plaintiff brought the instant action, he was aware that he had three strikes and could not proceed *in forma pauperis*. Plaintiff's allegations in the instant complaint do not entitle him to avoid the bar of § 1915(g), as they do not suggest he is under imminent danger of serious physical injury. Because he did not pay the filing fee at the time he submitted this civil rights action, and because it plainly appears that plaintiff is not entitled to proceed *in forma pauperis*, the court's

previous order granting plaintiff leave to so proceed shall be vacated and this case must be dismissed under § 1915(g).  Leave should not be provided so that he can pay the fee; rather, dismissal is required if a "three striker" does not pay the filing fee at the time he submits the complaint.  *Dupree v. Palmer*, 284 F.3d 1234 (11th Cir. 2002).

Accordingly, it is ORDERED:

1.  This court's order dated September 12, 2005 (doc. 4) is VACATED to the extent it granted plaintiff leave to proceed *in forma pauperis*.

2.  Plaintiff's affidavit of indigency, construed as a motion for leave to proceed *in forma pauperis*, (doc. 2) is DENIED.

And it is respectfully RECOMMENDED:

1.  That this case be DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(g).

2.  That all pending motions be DENIED as moot.

3.  That the clerk be directed to close the file.

At Pensacola, Florida this 31st day of October, 2005.

/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).**